IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20959
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ ENRIQUE AVILA-AMAYA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-382-1
--------------------
June 15, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

José Enrique Avila-Amaya ("Avila") appeals his guilty-plea conviction and 70-month sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.

Avila acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001). This argument fails.

Avila also argues that his indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent. Because Avila did not present this argument to the district court, review is under a "maximum liberality" standard. United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000), petition for cert. filed, (Mar. 21, 2001)(No. 00-9174). Avila's indictment listed every statutorily required element of the offense, informed him of the charge, and fairly imported that his reentry was voluntary in view of the allegation that he had been deported and removed from the United States and was present without having first obtained the Attorney General's consent. The indictment was statutorily and constitutionally sufficient. See id. at 236, 239 & n.13.

The judgment of the district court is AFFIRMED.